[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON APPLICATION FOR A PREJUDGMENT ATTACHMENT
For the following reasons the plaintiff's application for an additional prejudgment remedy against the defendant John Chiota's interest in a general partnership is hereby denied.
General Statutes § 34-63 (2)(c) provides in pertinent part: "A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership. "[1] "The purpose of [this] provision is to prevent disruption of partnership affairs by the creditor of an individual partner." (Alteration in original; internal quotation marks omitted.) Billias v. Gull Development Corp., Superior Court, judicial district of Waterbury, Docket No. 092984 (August 7, 1990, Byrne, J.) (2 Conn. L. Rptr. 194, 195).
This action does not involve a claim against the partnership. Therefore the plaintiff cannot acquire a prejudgment attachment of the defendant's partnership interest. See Fleet Bank v. Blume,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 704321 (October 5, 1993, Sullivan, J.) (9 C.S.C.R. 44); Clark v. Walker, Superior Court, judicial district of Middlesex, Docket No. 62303 (May 26, 1993, Higgins, J.) (8 C.S.C.R. 657, 658); Caliendo v. Greco, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 291819 (March 3, 1992, Thim, J.) (7 C.S.C.R. 422); Galian v. Lehn, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 270306 (November 15, 1990, Spear, J.) (2 Conn. L. Rptr. 752, 753);Billias v. Gull Development Corp., supra, 2 Conn. L. Rptr. 195. But see Centerbank v. Murphy, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 703849 (May 3, 1993, O'Neill, J.) (9 Conn. L. Rptr. 57, 8 C.S.C.R. 589).
This result does not leave the plaintiff entirely without a remedy. General Statutes § 34-66 (1) provides: "On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner might have made, or which the circumstances of the case may require."[2] Thus after acquiring a judgment, the plaintiff may obtain a charging order in accordance with § 34-66 (1) to CT Page 9310 reach the defendant's partnership interest. See Fleet Bank v.Blume, supra, 10 Conn. L. Rptr. 195, 9 C.S.C.R. 44; Clark v. Walker,
supra, 8 C.S.C.R. 658; Billias v. Gull Development Corp., supra,2 Conn. L. Rptr. 195.
Dated this 10th day of September 1997.
STEVENS, J.